STATE APPELLATE DEFENDER v SAGINAW CIRCUIT JUDGE

(PEOPLE v TATE)

Docket No. 78-4683. Submitted June 6, 1979, at Lansing.—Decided August 6, 1979.

Jessie Tate and his twin brother, James, were charged with first-degree murder. Jessie was convicted, on his plea of guilty, of second-degree murder. James was convicted, after a jury trial. Both requested appointment of counsel for appellate review, and the trial court, Saginaw Circuit Court, Joseph R. McDonald, J., appointed the State Appellate Defender to represent both. The State Appellate Defender later moved to withdraw as appellate counsel in the case of Jessie Tate. At the hearing it was disclosed that: 1) the entire State Appellate Defender staff has input in each case; 2) Jessie Tate may, on appeal, attack the voluntariness of his plea and recant his testimony exonerating his brother; and 3) James's appeal could very well emphasize the fact that his brother admitted the crime. Judge McDonald directed the State Appellate Defender to continue representing both. The State Appellate Defender filed a complaint for superintending control in the Court of Appeals. *Held:*

The Code of Professional Responsibility and Disciplinary Rules governing conflict of interest contemplate a great deal of self-government by the practitioner in the realm of exercising independent judgment. The practitioner's own judgment and mode of operation play a key role in any decision to accept or reject employment. While conflict of interest of counsel warranting a reversal of a defendant's conviction must be actual and not merely speculative, the standard for conflict of interest relating to an attorney's withdrawal from representation is not so severe.

Denial of the motion to withdraw vacated. Lower court instructed to appoint new counsel for Jessie Tate.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Attorneys at Law §§ 154, 159. Circumstances giving rise to conflict of interest between or among criminal codefendants precluding representation by same counsel. 34 ALR3d 470.

Propriety and effect of attorney representing interest adverse to that of former client. 52 ALR2d 1243.

CRIMINAL LAW — ATTORNEY AND CLIENT — CONFLICT OF INTEREST —
WITHDRAWAL OF COUNSEL.

Conflict of interest of counsel warranting the reversal of a defendant's conviction is actual, not merely speculative; however, from the standpoint of an attorney preparing an appeal prior to actual prejudice to a defendant, the standard for determining a conflict of interest relating to that attorney's withdrawing from the appeal is not as severe and the attorney's own perception of the existence of a conflict is a very important consideration.

*Rolf E. Berg,* Assistant State Appellate Defender, for plaintiff.

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Linda Berns Wright,* Assistant Prosecuting Attorney, for defendant Saginaw Circuit Judge.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

V. J. BRENNAN, J. The present case requires our review of the lower court's order denying the State Appellate Defender's motion to withdraw from its representation of Jessie Tate on appeal.

The facts giving rise to this controversy follow. Both Jessie Tate and his twin brother James were bound over to Saginaw County Circuit Court on charges of first-degree murder for the killing of Gregory Greer on June 30, 1977. Prior to trial, the lower court granted counsel's request for separate counsel to represent each defendant.

On January 31, 1978, Jessie Tate pled guilty to the charge of second-degree murder. His brother proceeded to trial and was convicted by a jury on February 8, 1978. Both defendants below were sentenced to life imprisonment.

James Tate and Jessie Tate requested appoint-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment of counsel for appellate review. On April 3, 1978, the trial court appointed the State Appellate Defender Office to represent James Tate. On April 7, 1978, the trial court appointed the State Appellate Defender Office to represent Jessie Tate.

On August 4, 1978, the State Appellate Defender Office moved to withdraw as appellate counsel in the case of Jessie Tate, alleging a conflict of interest. This motion was formally heard on October 3, 1978. Rather than withdrawing the appointment, the trial court directed the State Appellate Defender to continue representing each defendant with separate attorneys within the office representing each case. On or about November 3, 1978, a complaint for superintending control challenging this trial court order was filed in this Court. On December 1, 1978, this Court granted defendant Jessie Tate's motion to show cause why superintending control should not be granted. In accordance with GCR 1963, 816.2(d), the parties filed briefs in this matter.

The defendant herein argues that the State Appellate Defender has not demonstrated any conflict of interest beyond "mere speculation", and thus its order denying withdrawal is proper. In support defendant cites *People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975), *People v Osborn,* 63 Mich App 719; 234 NW2d 767 (1975), *People v Marshall,* 53 Mich App 181; 218 NW2d 847 (1974).

The line of authority deals with conflict of interest insofar as it relates to ineffective assistance of counsel. We agree that any conflict warranting reversal of a defendant's conviction must be actual not merely speculative. However from the standpoint of an attorney preparing an appeal prior to any actual prejudice to the defendant, the standard for conflict of interest relating to that attorney's withdrawal is not as severe.

The attorney's professional practice is governed by the Code of Professional Responsibility and the Disciplinary Rules. Canon 5 and DR 5-105 provide:

"A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

"(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5-105(C).

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

"(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

"(D) If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment."

These rules contemplate a great measure of self-government by the practitioner in the realm of providing independent judgment. The practitioner's own judgment and mode of operation play a key role in any decision regarding the acceptance of employment.

In the present case the State Appellate Defender perceives the strong possibility of a conflict on appeal regarding the trial-by-jury conviction and the guilty-plea conviction. Our review leaves us in agreement therewith.

At the hearing below it was disclosed that the entire State Appellate Defender staff has input in each case. On appeal Jessie Tate may attack the voluntariness of his plea and attempt to recant his testimony exonerating his brother James. James's appeal could very well emphasize the fact that his brother admitted the crime. Needless to say the possibility for conflict places the State Appellate Defender staff in a very delicate position which under the facts of this case is unnecessary. The staff which normally works in concert may develop a division which both impairs communication and preparation of the appeals.

The lower court's denial of the motion to withdraw is vacated. New counsel is to be appointed for Jessie Tate on appeal.